UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES REILLY, #184122,

    Plaintiff,               Civil Case Number: 2:19-11249
                                     Honorable Linda V. Parker
v.

TIM DONNELLON, ET AL.,[1]

    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL AND DIRECTING PLAINTIFF TO PROVIDE DEFENDANTS' ADDRESSES

### I. Introduction

This is a pro se civil rights complaint filed under 42 U.S.C. § 1983. James Reilly ("Plaintiff"), is confined at the St. Clair County Jail, awaiting trial on multiple criminal sexual conduct charges. Plaintiff names fifteen defendants. Plaintiff alleges she has been denied adequate medical care, that food handling

---

[1] Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, a party must "name all the parties" in the title of the complaint. In subsequent filings (except an amended complaint), only the first party needs to be named in the case caption and "et al." can be used to refer generally to the other parties. Fed. R. Civ. P. 10(a). Plaintiff names several specific individuals in the heading of her Complaint but then uses "et al." The allegations in her Complaint refer to individuals not specifically identified in the heading. To the extent Plaintiff is trying to sue individuals not specifically listed in the heading, those claims are not properly before the Court. Plaintiff shall file an Amended Complaint within twenty-one (21) days of this Opinion and Order if she is seeking to assert claims against any individual not listed in the case caption.

procedures are unsanitary and dangerous, and that she has been denied her right of access to the courts.[2] Plaintiff has been granted leave to proceed without prepayment of the fees for this action. *See* 28 U.S.C. § 1915(a)(1). For the reasons discussed below, the Court is dismissing Defendants Donnellon, Buckley, Roberts, Lake Huron Medical, Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffrey Bohm, David Rushing, Bill Gratopp, Derik Evenson, and Kyle Adams. The Court also is dismissing Plaintiff's food-related and access to the courts claims.

## II. Factual Allegations

Plaintiff's Complaint chiefly concerns the medical care she has received since her detention at the St. Clair County Jail. She claims that, upon her entry to the jail on September 29, 2019, Defendant Tarrah, a licensed practical nurse, confiscated her medications, including medication prescribed to regulate her heart rhythm and estrogen. (Compl. at 2-3.) Plaintiff was without the medications for several days, leading to an episode of severe chest pain and difficulty breathing. (*Id.* at 2-3.)

---

[2] Plaintiff uses female pronouns when referring to herself. The St. Clair County Circuit Court docket sheet designates Plaintiff as male. *See People v. Reilly*, No. 18-2362-FY. Nevertheless, the Court will follow Plaintiff's preference and use female pronouns in referring to her in this Order.

Plaintiff states that, in addition to heart problems, she suffers from damaged discs and nerves, which cause excruciating pain. Plaintiff alleges that she was not provided with consistent or adequate dosages of pain medication, and lacked sufficient funds to purchase medication from the commissary. (*Id.* at 4.) On November 16, 2018, the jail ceased providing Plaintiff even intermittent access to pain medication. (*Id.* at 5.) Plaintiff filed a grievance. Several days later, Defendant Colleen Spencer, a nursing supervisor, visited Plaintiff and told her not to file additional grievances. (*Id.*) Defendant Spencer also allegedly denied Plaintiff pain medication. (*Id.*)

Plaintiff further claims that she has suffered from acute intestinal distress for over 200 days caused by inadequate quality of food and unsafe food handling. (*Id.* at 6.) Finally, Plaintiff alleges she has had difficulty obtaining necessary materials to prepare this complaint. (*Id.* at 6-7.)

## II. Legal Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government

entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Discussion

Plaintiff fails to satisfy minimum pleading requirements as to Defendants Donnellon, Buckley, Roberts, Lake Huron Medical, McConnell, Tomion, Heidemann, Dunn, Bohm, Rushing, Gratopp, Evenson, and Adams because she

fails to make sufficient allegations to give these defendants fair notice of the claim(s). *Twombly*, 550 U.S. at 555. A complaint must allege each defendant's personal involvement with the alleged violation of federal rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights). Aside from naming these individuals as defendants, Plaintiff makes no specific allegations against them. The Court dismisses these defendants.

Plaintiff also fails to satisfy minimum pleading requirements for her food-related and access to the courts claims. Plaintiff alleges that the poor quality of the food and the unsanitary manner in which it is stored and prepared have sickened her. She also alleges she had difficulty obtaining necessary materials for filing this lawsuit, including access to legal research, paper, and ink. Plaintiff fails to connect either of these claims to any specific defendant(s). She merely alleges that these violations occur. These assertions are insufficient to satisfy Rule 8's basic pleading standard and the claims will be dismissed. This dismissal is without prejudice so as not to foreclose Plaintiff from refiling this claim to meet the requirements of Federal Rule 8 should she opt to do so.

## III.  Conclusion

The Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against Defendants Tim Donnellon, Thomas Buckley, Pat Roberts, Lake Huron Medical, Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffrey Bohm, David Rushing, Bill Gratopp, Derik Evenson, and Kyle Adams.  The Court is **DISMISSING** these defendants.

The Court also is **DISMISSING WITHOUT PREJUDICE** Plaintiff's claims that her right of access to the courts was violated and that the food served is poor quality and improperly prepared and stored.

Because Plaintiff is proceeding *in forma pauperis*, the Court may direct officers of the court to serve the complaint.  28 U.S. C. § 1915(d).  Plaintiff has not provided addresses for Defendants Colleen Spencer or Tarrah.  It is Plaintiff's burden to identify defendants with sufficient particularity to allow United States Marshals to attempt service.  *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).  Plaintiff is directed to provide the addresses of these defendants within thirty days

from the date of this order to allow for service of the Complaint.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: June 20, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 20, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager