UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES REILLY, #184122,

       Plaintiff,                       Civil Case Number: 19-11249
                                         Honorable Linda V. Parker

v.

COLLEEN SPENCER, ET AL.,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND EXTENDING DEADLINE FOR PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, a pretrial detainee in the St. Clair County Jail, filed this pro se civil rights lawsuit on April 30, 2019. On June 20, 2019, this Court entered an opinion and order partially dismissing some of the named defendants as parties and some of Plaintiff's claims. (ECF No. 7.) On the same date, Plaintiff filed a request to amend her complaint, which this Court granted in an opinion and order entered on June 26, 2019. The Court instructed Plaintiff to file a single amended complaint within twenty-one days (i.e., by July 17, 2019). The matter is presently before the Court on Plaintiff's "Request for Reconsideration on Dismissed Defendants" filed July 8, 2019, which Plaintiff signed and dated on June 30, 2019. (ECF No. 10.)

To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect . . . but also show that correcting the defect will

result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Plaintiff contends in her pending motion that all of the individuals named in her original complaint were directly or indirectly involved in the alleged violations of her constitutional rights. In her initial complaint, Plaintiff did not identify how the dismissed defendants were involved and she does not do so in her motion for reconsideration. As such, Plaintiff fails to demonstrate a palpable defect in this Court's decision summarily dismissing those defendants.

Nevertheless, as the Court advised Plaintiff when granting her motion to amend her complaint, she may include in her amended pleading individuals previously dismissed *if* she cures the defects with respect to those defendants which the Court identified in its June 20, 2019 summary dismissal decision. Specifically, Plaintiff must allege *each* defendant's personal involvement with the alleged violations of her federal rights. *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (citations omitted) ("Each defendant's liability must be assessed individually based on his own actions."). Stated differently, Plaintiff must set forth in her Amended Complaint the specific actions of each defendant that violated her rights. Moreover, "[t]he law is clear that liability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson*, 668 F.2d 869, 872 (6th Cir.), *cert. denied* 459 U.S. 833 (1982). The supervisor must have "encouraged the specific incident of misconduct or in some other way

2

directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*. at 874.

Plaintiff's motion for reconsideration suggests that she is attempting to sue certain defendants for their role as policy makers. In that instance, Plaintiff must plead facts to show that her injuries were the result of some "policy or custom" attributable to the defendant. *Monell v. New York Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Plaintiff "must … specify a governmental policy or custom from which [her] injuries flowed." *Brown v. Cuyahoga Cty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013) (citing *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010)). *Monell* liability may also be premised on a claim that employees were not adequately trained, provided "it evinces deliberate indifference for the rights of those with whom the governmental employees have contact, such that the inadequate training may be fairly said to represent the government's policy or custom." *Id*. (citing *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989)).

The Court will allow Plaintiff additional time to prepare her Amended Complaint to comply with these requirements, if she is able. Plaintiff's Amended Complaint shall be filed within **fourteen (14) days** of this Opinion and Order.

Plaintiff's motion for reconsideration, however, is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 11, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 11, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager