UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES REILLY, #184122,

       Plaintiff,                    Civil Case Number: 2:19-11249
                                            Honorable Linda V. Parker

v.

COLLEEN SPENCER, ET AL.,

       Defendants.
_____/

## OPINION AND ORDER

Plaintiff initiated this pro se action on April 30, 2019. In her Complaint, Plaintiff named as defendants several employees at the St. Clair County jail where she was housed. All but two of those defendants were summarily dismissed. The matter has been stayed, at Plaintiff's request, to allow her time to prepare an amended complaint. The deadline for Plaintiff to file her amended pleading is October 10, 2019. The matter currently is before the Court on a letter Plaintiff sent the Court, which she signed and dated on August 19, 2019. (ECF No. 14.)

In her letter, Plaintiff indicates that she has been moved from the St. Clair County Jail to a Michigan Department of Corrections facility. Plaintiff asks the Court to enter a preliminary injunction requiring her current jailers to provide her with materials to enable her to prepare her amended complaint, such as a laptop.

Plaintiff acknowledges in her letter that MDOC is not currently "involved" in her complaint.

The law is clear, however, that a court may not require a person over whom it has not acquired valid jurisdiction to perform an act. As Judge Learned Hand, writing for the Second Circuit, explained:

> [N]o court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is pro tanto brutum fulmen, and the persons enjoined are free to ignore it. It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court.

*Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832-33 (2d Cir. 1930). The Supreme Court more recently reiterated:

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."

*Omni Capital Int'l v. Rudolph Wolff and Co.*, 484 U.S. 97, 104 (1987) (quoting *Mississippi Pub'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)). As stated above, Plaintiff acknowledges in her letter that she has not named MDOC as a defendant; nor has she named any MDOC official or employee. As such, this Court lacks the authority to order the relief Plaintiff seeks in her letter.

2

At this time, the Court has not been able to locate counsel willing to represent Plaintiff.  The Court notes that while Plaintiff repeatedly has expressed an inability to properly pursue this litigation under the conditions she finds herself, she has effectively communicated in writing to the Court.  Thus, even if the Court cannot provide the relief Plaintiff seeks, it urges her to prepare her amended pleading as she does appear to be asserting a serious claim in this lawsuit.  The Court is extending the deadline for Plaintiff to file her amended pleading to October 18, 2019.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 20, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 20, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager