UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES REILLY,                                    Case No.: 19-11249
                         Plaintiff,
         v.                                      Linda V. Parker
                                                 United States District Judge
TIM DONNELLON, *et al.*,
                         Defendants.             Curtis Ivy, Jr.
                                                 United States Magistrate Judge
_____
_____/

## ORDER FOR CLARIFICATION FROM PLAINTIFF AND STRIKING LETTER (ECF No. 57)

Plaintiff James Reilly filed this *pro se* prisoner civil rights suit on April 30, 2019.  The majority of the defendants were served and later appeared in this matter.  Apparently, however, there are six remaining defendants that were not served or have not appeared - Derik Evenson, Karl Tomlin, Colleen Spencer, Tarrah LNU, Pat Roberts, and Tiffany Francis.  In order for this litigation to progress efficiently, the Court requires additional information from Reilly regarding defendants Evenson and Tomlin, as addressed herein.

A.    Derik Evenson

In the amended complaint, filed on October 17, 2019, Reilly named Derik Evenson as a defendant.  (ECF No. 19).  On January 30, 2020, the United States Marshals Service (USMS) acknowledged receipt of the waiver of service

documents for Evenson.  (ECF No. 32, PageID.176).  On July 31, 2020, the

summons was returned unexecuted due to an insufficient address.  (ECF No. 46).

On August 27, 2020, Reilly was ordered to provide a correct address for Evenson

so that the USMS could effect service of process on him.  (ECF No. 50).  Reilly

was also warned that if she failed to provide an updated address, the "claims may

be dismissed without prejudice as to those defendants."[1]  In her response, Reilly

did not provide an updated address.  Instead, she informed the Court that Evenson

had passed away.  (ECF No. 51, PageID.310).  It is not clear from her response

whether she intends to voluntarily dismiss him from this lawsuit or to pursue the

claims against him.

In order to clarify her position, Reilly is **ORDERED** to inform the Court of

her intention by **December 11, 2020**, by voluntarily dismissing Evenson from this

case or by filing and serving a suggestion of death, as explained below.

Because Evenson has not yet been served with the summons and complaint,

Reilly may dismiss Evenson, with or without prejudice, pursuant to Federal Rule

of Civil Procedure 41(a)(1).  To do so, Reilly must file a notice of voluntary

dismissal of defendant Evenson.  If Reilly chooses to voluntarily dismiss Evenson,

she must file the notice of dismissal by **December 11, 2020**.

---

[1] Plaintiff refers to herself using female pronouns.  The Court will continue to follow suit.

In the alternative, Reilly must file and serve a suggestion of death.  Federal Rule of Civil Procedure 25(a)(1) provides that if a party dies and the claim is not thereby extinguished, the court may, on motion, order substitution of the proper parties.  Rule 25(a)(1) permits a motion for substitution to be made "within 90 days after service of a statement noting the death[.]"  The Rule further provides that if such a motion is not timely filed "the action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a)(1).  "Two steps are required for the 90-day period to commence.  First, the suggestion of death must be made upon the record." *Jenkins v. Macatawa Bank Corp*., 2007 WL 737746, at *1 (W.D. Mich. Mar. 7, 2007).  "Second, the suggestion of death must be served upon the other parties and the deceased's successor [and i]f the deceased's successor is a non-party, then the suggestion of death must be served in accordance with Rule 4." *Id.* Proof of service of the suggestion of death must be filed with the Court.

If Reilly chooses to pursue her claims against Evenson, Reilly must file or cause to be filed a suggestion of death on the record by **December 11, 2020**.  She must also serve or cause to be served the suggestion of death on the parties and non-party successor(s).  As she is proceeding *in forma pauperis*, the documents will be served by the USMS if Reilly provides them to the Court.

**Reilly is warned that failure to inform the Court of the status of her claims against Evenson by December 11, 2020, by either filing a notice of**

3

**voluntary dismissal or a suggestion of death, will result in a recommendation that Evenson be dismissed from this case**.

B.    <u>Karl Tomlin</u>

Karl Tomlin was listed as a defendant in the amended complaint.  (ECF No. 19).  The USMS acknowledged receipt of the service documents for Tomlin on January 30, 2020.  (ECF No. 32).  To date, no waiver of service has been returned from Tomlin, and he has not otherwise appeared in this matter.  On August 27, 2020, because Tomlin had not yet been served, Reilly was ordered to provide a correct address for Tomlin so that the U.S. Marshals Service may serve him.  (ECF No. 50).  In her response to the order for correct addresses, Reilly insisted Tomlin was served.  She attached a certified mail return receipt for Tomlin, which was signed by someone else that apparently identified themselves as an agent.  (ECF No. 51, PageID.312).

There is some confusion on the docket as to the identity and true name of this defendant.  A "Karl Tomion" was listed in the original complaint but not named in the amended complaint. (ECF Nos. 1, 19).  Thereafter, "Karl Tomion" was terminated as a defendant on the case docket.  (*See* Docket Entry dated 06/20/2019).  In the amended complaint, the name "Karl Tomlin" surfaces.  (ECF No. 19).   St. Clair County and County defendants' attorney filed an answer to the amended complaint on Tomion's behalf, but again, Tomion is no longer listed as a

4

defendant in this matter. (*See* Docket Entry dated 06/20/2019). They did not file an answer on Tomlin's behalf. Notably, the two names are very similar. Further adding to the confusion, Karl Tomlin is described in the amended complaint as a Commissioner for St. Clair County. (ECF No. 19, PageID.81). It appears, however, that Karl Tomlin is not or was not a County Commissioner, while Karl Tomion was. *See*, *e.g.*, Jackie Smith, *Commissioner Karl Tomion resigning from St. Clair County Board*, THE TIMES HERALD, May 24, 2019, https://perma.cc/SK87-9JF3.

In order to understand which of the two is the intended defendant—Karl Tomlin and/or Karl Tomion—Reilly is **ORDERED** to respond to this Order explaining which Karl she seeks to bring suit against. The response is due no later than **December 11, 2020**. The Court will address any remining service issues related to the proper defendant(s) once Reilly has responded, if necessary.

C.     Letter (ECF No. 57)

On October 28, 2020, Reilly filed a letter addressed to Todd Shoudy, attorney for St. Clair County and associated defendants. (ECF No. 57). The letter addresses various matters and apparently seeks Mr. Shoudy's concurrence in various forms of relief she seeks. This letter is **STRICKEN**. Parties may not communicate with opposing counsel by filing a communication on the Court docket. Instead, Reilly must mail letters directly to the intended recipient, in this

case Mr. Shoudy.  And, to the extent Reilly expects the Court to take any action, filing a letter for Court action is improper.  The proper way to seek relief from the Court is by way of a motion, as described in Fed. R. Civ. P. 7(b) and Local Rule 7.1.  Reilly is aware of this, as she previously filed two motions in this matter.  A mere letter or request does not suffice, and is not docketed by the Clerk as a pending motion.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: November 9, 2020                          s/Curtis Ivy, Jr.
                                                Curtis Ivy, Jr.
                                                United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 9, 2020, by electronic means and/or ordinary mail.

<u>s/Kristen MacKay</u>
Case Manager
(810) 341-7850