UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES REILLY,
                         Plaintiff,

v.

TIM DONNELLON, *et al.*,
                         Defendants.
_____/

Case No.: 19-11249

Linda V. Parker
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER DIRECTING LAKE HURON MEDICAL CENTER TO PROVIDE ADDRESSES AND DIRECTING SERVICE BY USMS

Plaintiff James Reilly filed this *pro se* prisoner civil rights suit on April 30, 2019.  Because Reilly is proceeding *in forma pauperis*, the Court may direct the United States Marshals Service (USMS) to serve the summons and complaint.  28 U.S.C. § 1915(d).  The majority of the defendants were served and later appeared in this matter.  Apparently, however, there are six remaining defendants that were not served or have not appeared - Derik Evenson, Karl Tomlin, Colleen Spencer, Tarrah LNU, Pat Roberts, and Tiffany Francis.  The service and other issues related to defendants Colleen Spencer, Tarrah LNU, Pat Roberts, and Tiffany Francis are addressed in this Order.  The issues related to Derik Evenson and Karl Tomlin are addressed by a separate order.

A.     Colleen Spencer and Tarrah LNU

On January 30, 2020, the USMS acknowledged receipt of the waiver of service documents for Colleen Spencer and Tarrah LNU.  (ECF No. 32, PageID.169, 177).  On July 31, 2020, the summonses for both defendants were returned unexecuted due to insufficient addresses.  (ECF Nos. 42, 44).  In light of those returns, Reilly was ordered to provide correct addresses for Colleen Spencer and Tarrah LNU.  (ECF No. 50).  In response, Reilly stated while she does not have access to the current addresses, Lake Huron Medical Center (LHMC) should be able to provide them.[1]  (ECF No. 51, PageID.309-10).   According to the amended complaint, Spencer was a registered nurse and Tarrah LNU was a licensed practical nurse working for defendant LHMC at the time of the events alleged in the complaint.  (ECF No. 19).

Because Reilly is currently confined within the Michigan Department of Corrections, she is not in a position to obtain Colleen Spencer and Tarrah LNU's home addresses to effectuate service of the summons and complaint.  Further, LHMC likely has last-known addresses for these defendants.  Accordingly, the Court **DIRECTS Lake Huron Medical Center** to furnish the USMS with Colleen Spencer's and Tarrah LNU's last-known addresses.  LHMC shall provide the last known addresses to the USMS **within 14 days** of entry of this Order.  Upon receipt of the addresses, the USMS is to effectuate service on these defendants without

---

[1] Plaintiff refers to herself using female pronouns.  The Court will continue to follow suit.

prepayment of the cost for such service.  The Marshal may collect the usual and customary costs from Reilly after effecting service.  *See, e.g.*, *Richards v. McKee*, 2016 WL 1658289, at *2 (E.D. Mich. Apr. 6, 2016) (referencing a prior order directing MDOC to give the home address of an employee who was on leave indefinitely to the USMS and directing USMS to serve the employee at that address) (citing docket no. 44, Case No. 12-14148).  The information related to the addresses may be used only for purposes of effectuating service (or proof of service, should a dispute arise), and any documentation concerning the information provided by LHMC will be retained only by the USMS.

B.   Pat Roberts and Tiffany Francis

Pat Roberts was named as a defendant in the original complaint.  (ECF No. 1).  District Judge Parker dismissed Roberts for failure to state a claim against him. (ECF No. 7).  Reilly again named Roberts in the amended complaint.  (ECF No. 19).  As it stands, Pat Roberts is a defendant in this matter.  Reilly also named Tiffany Francis in the amended complaint.  On January 30, 2020, the USMS acknowledged receipt of the waiver of service documents for both defendants. (ECF No. 32, PageID.187, 188).  To date, however, neither Roberts nor Francis have appeared in this matter.  On August 27, 2020, Reilly was ordered to provide a correct address for Tiffany Francis.  (ECF No. 50, PageID.308).  There is no mention of defendant Pat Roberts in that order, although as indicated, Roberts also

3

had not been served.  In response to the Order, Reilly insisted *both* defendants "were served as required per Court rules."  (ECF No. 51, PageID.310).  She attached certified mail return receipts for mail sent to Roberts and Francis.  Both were signed by someone other than the addressee on February 15, 2020.  (*Id.* at PageID.314, 316).  Neither signer indicated they were an agent of the addressee.

As no waivers of service have been returned from either defendant, it is clear they do not intend to waive service of process of the summons and complaint. Accordingly, service must be made upon them in accordance with the Federal and Michigan rules for service of process.

Pursuant to Federal Rule of Civil Procedure 4(e), service may be made by any means permitted under Michigan law, or by doing any of the following: (1) personally serving the summons and complaint, (2) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age, or (3) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2)(A-C).

Pursuant to the Michigan Court Rules for service on an individual, service of process may be achieved by either of two means:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when

> the defendant acknowledges receipt of the mail. A copy
> of the return receipt signed by the defendant must be
> attached to proof showing service under subrule (A)(2).

M.C.R. 2.105(A)(1-2).

There is no indication that service has been effectuated in accordance with either of these rules.  Therefore, the **United States Marshals Service** is **DIRECTED** to effect service on Pat Roberts and Tiffany Francis, without prepayment of the cost for such service, by personally serving the summons and complaint and/or by mailing the same by registered or certified mail, return receipt requested, *and delivery restricted to the addressee*, to the addresses on file.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: November 9, 2020                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 9, 2020, by electronic means and/or ordinary mail.

                                          s/Kristen MacKay
                                          Case Manager
                                          (810) 341-7850

6