UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES REILLY,<br>       Plaintiff,<br>v.<br><br>TIM DONNELLON, *et al.*,<br>       Defendants.<br>_____/ | Case No.: 19-11249<br><br>Linda V. Parker<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION REGARDING**
**<u>DEFENDANT DERIK EVENSON</u>**

A. <u>Discussion</u>

Plaintiff Reilly initiated this *pro se* prisoner civil rights suit on April 30, 2019. (ECF No. 1). In the amended complaint, filed on October 17, 2019, Plaintiff named Derik Evenson as a defendant. (ECF No. 19). On January 30, 2020, the United States Marshals Service acknowledged receipt of the waiver of service documents for Evenson. (ECF No. 32, PageID.176). On July 31, 2020, the summons was returned unexecuted due to an insufficient address. (ECF No. 46). In response to an order requesting Plaintiff provide the correct address for other defendants, (ECF No. 50), Reilly informed the Court that Evenson was deceased. (ECF No. 51, PageID.310). Plaintiff's response did not exhibit an intent to continue this case against Evenson's estate.

The Court then ordered Plaintiff to inform the Court of her intention with regard to Evenson—whether she wanted to voluntarily dismiss Evenson from the case or take steps to substitute the defendant under Fed. R. Civ. P. 25(a)(1).[1]  (ECF No. 58, PageID.335-37).  The Court explained the procedure for substitution under Rule 25(a)(1) and gave Plaintiff until December 11, 2020, to cause to be filed a suggestion of death.  (ECF No. 58).  Plaintiff responded to the Order on December 2, 2020.  In her response, she reiterated her belief that Evenson had died and stated a "suggestion of death would be appropriate."  (ECF No. 61, PageID.350).

Fed. R. Civ. P. 25(a)(1) provides "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."  This is true even where, as here, the party dies after the complaint is filed but before it is served.[2]  "However, 'it is Plaintiff's responsibility to identify the proper party, make the substitution, and provide sufficient information for the Marshal to locate [the proper party] for service.  Neither the Court nor the Marshal may conduct an

---

[1] Plaintiff refers to herself using female pronouns.  The Court will follow suit.

[2] Rule 25(a)(1) "applies to claims pending at the time of the decedent's death, even if the complaint was not yet served."  *Hawkins v. Thomas*, 2012 WL 1945235, at *7 (C.D. Cal. Mar. 14, 2012), *report and recommendation adopted as modified*, 2012 WL 1944828 (C.D. Cal. May 29, 2012) (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d, § 1951 (2007) ("If an action was commenced by the filing of a complaint but a party named in the complaint dies . . . before being served with process, substitution [under Rule 25(a)] is available, but, as in any instance of substitution, process must be served on the new party to acquire in personam jurisdiction.")); *see also Gilmore v. Lockard*, 936 F.3d 857, 864-65 (9th Cir. 2019); *Bullock v. Johnson*, 2018 WL 5880736, at *13, n.19 (C.D. Cal. Oct. 3, 2018).

investigation on Plaintiff's behalf to determine this information.'" *Bullock v. Johnson*, 2018 WL 5880736, at *13 (C.D. Cal. Aug. 10, 2018), *report and recommendation adopted*, 2018 WL 4791089 (C.D. Cal. Oct. 3, 2018) (quoting *Hightower v. Schwarzenegger*, 2011 WL 2802857, *5 (E.D. Cal. 2011)).

As it stands, Plaintiff has not taken action to provide the Court with a suggestion of death and has not provided information necessary for the Marshal to effectuate service on Evenson's representative or successor. The Court warned Plaintiff **"that failure to inform the Court of the status of her claims against Evenson by December 11, 2020, by either filing a notice of voluntary dismissal or a suggestion of death, will result in a recommendation that Evenson be dismissed from this case."** (ECF No. 58, PageID.336-37) (emphasis in original).

This litigation cannot continue indefinitely with an unserved, unsubstituted deceased defendant. Indeed, pursuant to Fed. R. Civ. P. 4(m), a complaint not served within 90 days of filing is subject to dismissal without prejudice. *See*, *e.g.*, *Reed-Bay v. Pramstaller*, 607 F. App'x 445, 449-50 (6th Cir. 2015) (affirming dismissal of claims raised by *pro se* prisoner pursuant to Rule 4(m), noting "an incarcerated plaintiff may not shirk all responsibility for seeing that the Marshals Service fulfils its duty to effectuate service"); *VanDiver v. Martin*, 304 F. Supp. 2d 934, 942 (E.D. Mich. 2004) (noting "a plaintiff may not remain silent and do nothing to effectuate service," and concluding the *pro se* plaintiff's "silence and

inaction" after the Marshal's failed attempt at service "was not reasonable and was a superceding cause for the failure of timely service," warranting dismissal under Rule 4(m)). Because Plaintiff has not filed a suggestion of death for the unserved deceased defendant, and has relatedly failed to provide a party for substitution and service of process, the undersigned suggests Evenson be dismissed from this action without prejudice. Should Plaintiff obtain the required information, she may, if proper, file a complaint against a representative or successor for Evenson.

B. Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant Derik Evenson be **DISMISSED WITHOUT PREJUDICE** from this case.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 21, 2021
s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 21, 2021, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850