UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES REILLY,<br>　　　　　　　　　Plaintiff,<br>v.<br><br>TIM DONNELLON, *et al.*,<br>　　　　　　　　　Defendants.<br>_____/ | Case No.: 19-11249<br><br>Linda V. Parker<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 79)**

Plaintiff Reilly initiated this prisoner civil rights suit on April 30, 2019, without the assistance of counsel. (ECF No. 1). Before the Court is Plaintiff's March 23, 2021 motion for appointment of counsel. In support of the request for counsel, Plaintiff states she requires the assistance of counsel due "to the handicaps of incarceration," such as the COVID-19 facility lockdown, being denied access to the law library, and not being trained in the law.[1] (ECF No. 79, PageID.405). Plaintiff further provides she is not able to take depositions and will encounter many obstacles during the discovery period. (*Id.* at PageID.406).

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258 (6th Cir. 1992).

---

[1] Plaintiff refers to herself using female pronouns. The Court will continue to follow suit.

Except in rare circumstances, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

It appears from reading the complaint, the many motions Plaintiff has filed, and other filings, Plaintiff has an adequate understanding of the issues and matters involved in this case and of the litigation process itself. Further, the issues raised in the complaint are straightforward, understandable, and not of an unduly complex nature. Should the facility lockdown cause Plaintiff to require more time to file a motion or to file a response, she may file a simple motion requesting an extension of time explaining the circumstances. As to her argument that obtaining discovery will be more difficult, difficulties in preparing the case "are present in every prisoner civil rights case" and such difficulties are not to be considered as necessitating appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2

(E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance."). Plaintiff has a variety of discovery tools at her disposal during the discovery period, including conducting depositions by written questions and sending discovery requests to the defendants.

The motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**. Should dispositive motion(s) be decided in Plaintiff's favor, she may re-file the motion for appointment of counsel.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: April 1, 2021　　　　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 1, 2021, by electronic means and/or ordinary mail.

                                                                s/Kristen MacKay
                                                                Case Manager
                                                                (810) 341-7850