UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES REILLY

      Plaintiff,

                                 Case No. 19-11249
v.                                  Honorable Linda V. Parker

TIM DONNELLON, et al.,

      Defendants.
_____/

## OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S JANUARY 21, 2021 REPORT AND RECOMMENDATION

Plaintiff initiated this pro se civil rights lawsuit on April 30, 2019, asserting claims arising while she was an inmate at the St. Clair County Detention Center. The matter has been referred to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 55.) It is presently before the undersigned on Magistrate Judge Ivy's Report and Recommendation (R&R), dated January 21, 2021, recommending the dismissal of Defendant Derik Evenson. (ECF No. 70.)

## Background

In an Amended Complaint filed October 17, 2019, Plaintiff named Evenson, among others, as Defendants. (ECF No. 19.) Plaintiff alleges that Evenson was a nurse

1

practitioner at the detention center, presumably employed by Lake Huron Medical Center, which had a contract to provide medical care there. (*Id.* at Pg ID 82.) Service on Evenson was not made through the United States Marshals Service, as directed, due to an insufficient address. (*See* ECF No. 46.) In response to Magistrate Judge Ivy's order directing Plaintiff to provide the correct address for Evenson (ECF No. 50), Plaintiff indicated that Evenson was deceased (ECF No. 51 at Pg ID 310).

Magistrate Judge Ivy thereafter issued an order requiring Plaintiff to inform the Court of her intention with regard to Evenson—that is, whether she wanted to voluntarily dismiss him or take steps for substitution under Federal Rule of Civil Procedure 25(a)(1).[1] (ECF No. 58.) Magistrate Judge Ivy explained the procedures for substitution under Rule 25(a)(1) and gave Plaintiff until December 11, 2020, to file a suggestion of death. (ECF No. 58.) Plaintiff responded to the order, reiterating her belief that Evenson had died and stating that a "suggestion of death would be appropriate." (ECF No. 61.)

When Plaintiff failed to file the suggestion of death by the December 11 deadline, Magistrate Judge Ivy issued the January 21, 2021 R&R, recommending that Evenson be dismissed without prejudice from this case. (ECF No. 70.) Citing cases from the Central and Eastern Districts of California, Magistrate Judge Ivy concluded that it was "Plaintiff's responsibility to identify the proper party, make the substitution, and provide

---

[1] As Magistrate Judge Ivy correctly noted, "Rule 25(a)(1) applies to claims pending at the time of the decedent's death, even if the complaint was not yet served." (ECF No. 70 at Pg ID 369, n.2 (internal quotation marks and citation omitted)); *see also Gilmore v. Lockard*, 936 F.3d 857, 864 (9th Cir. 2019) (citing *Ex parte Connaway*, 178 U.S. 421, 431 (1900)).

sufficient information for the Marshal to locate the proper party for service.  (*Id.* at Pg ID

369-70 (citing *Bullock v. Johnson*, No. CV 15-2070, 2018 WL 5880736, at *13 (C.D.

Cal. Aug. 10, 2018), *adopted* 2018 WL 4791089 (C.D. Cal. Oct. 3, 2018) (quoting

*Hightower v. Schwarzenegger*, No. 1:04-cv-06028, 2011 WL 2802857, at *5 (E.D. Cal.

2011)).)  Magistrate Judge Ivy informed Plaintiff that "[n]either the Court nor the

Marshal may conduct an investigation on Plaintiff's behalf to determine this

information."  (*Id.* at Pg ID 369 (brackets omitted).)

Plaintiff "objected" to the R&R, contending that Evenson is an essential part of

this litigation but, due to the restraints of incarceration, she is unable to comply with the

steps required under Rule 25(a)(1).  (*See* ECF No. 78.)  When objections are filed to a

magistrate judge's report and recommendation on a dispositive matter, the district court

"make[s] a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

## Discussion

Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court
> may order substitution of the proper party. A motion for
> substitution may be made by any party or by the
> decedent's successor or representative. If the motion is
> not made within 90 days after service of a statement
> noting the death, the action by or against the decedent
> must be dismissed.

Fed. R. Civ. P. 25(a)(1).  The rule requires the motion for substitution to be made within

90 days of the suggestion of death.  *Id.*  Dismissal is appropriate under the rule only if the

3

motion is not made by that deadline.  *Id.*; *see also Tolliver v. Leach*, 126 F.R.D. 529, 530 (W.D. Mich. 1989) (finding "it … clear from the face of the rule that [the] plaintiffs' 90–day time limit for moving for substitution ha[d] never commenced.  The 90–day period begins to run only when a formal, written 'statement of the fact of death' has been filed and properly served under Rule 5").

No suggestion of death has been filed, here.  "A suggestion of death must be in writing and served on all parties … mention of the death in [other filings] does not comply with the rule."  *United States v. Currency $11,331*, 482 F. Supp. 2d 873, 885 (E.D. Mich. 2007) (citing *Blair v. Beech Aircraft Corp.*, 104 F.R.D. 21 (W.D. Pa. 1984) (holding that "reference to the death of the Plaintiff in the pleadings is not sufficient"); *Acri v. Int'l Ass'n of Machinists*, 595 F. Supp. 326 (N.D. Cal. 1983) (reference to death in "answers to interrogatories cited by defendants do not rise to the required level of formality")).  "There is no time limit for [filing the suggestion of death] in the rule, and any party to the case *may* make the filing."  *United States v. Currency $11,331*, 482 F. Supp. 2d 873, 885 (E.D. Mich. 2007) (emphasis added).  Neither the rule nor caselaw require one party or another to file the suggestion of death.

Moreover, several circuits "have suggested that nonparty successors or representatives of the deceased party must be personally served—or, at a minimum, identified—in order to trigger the 90-day [deadline for filing the motion for substitution]."  *Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019) (citing *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985); *Rende v. Kay*, 415 F.2d 983, 985-86 (D.C. Cir. 1969)); *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008)

(citations omitted) (explaining that "the cases are unequivocal that an obviously interested nonparty … must be served for the 90-day clock to start running"); *but see Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998) (holding that a statement of the fact of death triggered the 90-day period despite its failure to identify a legal representative or successor).  In any event, the motion for substitution must be served on the parties, as well as the decedent's successor or representative.  *See* Fed. R. Civ. P. 25(a)(3).  Therefore, it appears that the party filing the suggestion of death or the motion for substitution must be able to identify nonparty successors or representatives of the deceased.

The magistrate judge placed that burden on Plaintiff, although the Court recognizes the challenges in Plaintiff being able to have identified Evenson's successor or personal representative.  Evenson's former employer—also a defendant in the case—appears to be better positioned to provide that information.  The Ninth Circuit Court of Appeals' decision in *Gilmore v. Lockard*, 936 F.3d 857 (2019), has changed the status of case law in the Central and Eastern Districts of California.  There, the court held that the magistrate judge erred in placing the burden on the plaintiff, a state inmate, to identify and find the heirs or representatives of a deceased defendant.  *Id.* at 867 (concluding that "we require, at a minimum, identification of [the deceased defendant]s successor or personal representative by [d]efendants, given that they were much better suited than [the plaintiff] to identify the proper parties."); *see also Rende*, 415 F.2d at 986 (explaining that it would "open the door to a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within 90 days").

5

Dismissal under Rule 25 would be premature here as no suggestion of death has been filed or served on Evenson's successor to start the 90-day clock for Plaintiff to file a motion for substitution. Further, as previously noted, this Court believes that Evenson's former employer and a defendant in this matter, is in a better position than Plaintiff to identify Evenson's representative.[2]

For these reasons, the Court 1) declines to accept the magistrate judge's January 21, 2021 Report and Recommendation, and 2) declines to dismiss Defendant Derik Evenson pursuant to Rule 25.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 28, 2021
I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 28, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

---

[2] This does not mean that Lake Huron Medical Center must file the suggestion of death. As indicated, Rule 25 does not identify which party is responsible for doing so. Defendants often choose to file the suggestion of death to put the plaintiff in the position of moving to substitute the decedent's successor or representative or having the plaintiff's claim(s) against that defendant dismissed. If Lake Huron Medical Center or another party does not file a suggestion of death, the 90-day deadline for Plaintiff to file a motion for substitution does not begin to run. Under this scenario, a Rule 25 dismissal would not be the appropriate mechanism for disposing of Plaintiff's claims against Evenson. Some other mechanism would need to be identified.