UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES REILLY,

              Plaintiff,

v.

TIM DONNELLON, *et al.*,

              Defendants.

_____/

Case No.: 19-11249

Linda V. Parker
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## <u>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 85)</u>

Plaintiff Reilly initiated this prisoner civil rights suit on April 30, 2019, without the assistance of counsel. (ECF No. 1). Before the Court is Plaintiff's May 5, 2021, motion to compel production of lists of employees who worked in the St. Clair County Jail while she was housed there.[1] (ECF No. 85).

In support of her motion, Plaintiff states she sent four requests for production of documents "informally" to defendants for the lists of employees, yet none of the defendants responded to this request. (*Id.* at PageID.423). Plaintiff contends she needs these lists to complete her witness list. She also appears to argue the employee list was required to be disclosed in initial disclosures pursuant to Fed. R. Civ. P. 26(a). (*Id.* at PageID.423-24). The "informal" requests were not attached to the motion.

---

[1] Plaintiff refers to herself using female pronouns. The Court will continue to follow suit.

In response to the motion, the St. Clair County defendants[2] argue (1) they were not required to respond to informal requests for discovery, (2) this matter is exempt from initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv), and (3) the request for the employee list is overbroad and seeks information that is not relevant to the issues in this case.  (ECF No. 86).  Notwithstanding these arguments, in response to the "informal" requests, the St. Clair County defendants further state they have produced all documents in its possession regarding Plaintiff's jail stay and provided a witness list and Rule 26 disclosures, all of which identify County employees who interacted with Plaintiff during the jail stay.  (*See* ECF Nos. 86-8, 86-3, 86-4, 86-5).

The Lake Huron Medical Center ("LHMC") defendants[3] take the position that Plaintiff's motion to compel is directed at the St. Clair County defendants only based on exhibits attached to the motion.  (ECF No. 88, PageID.470).  The exhibits attached to Plaintiff's motion are a letter provided to St. Clair County defendants' counsel Mr. Shoudy and a legal mail disbursement form from the Michigan Department of Corrections indicating mail previously sent to Mr. Shoudy.  (ECF No. 85, PageID.425-26).  In the event Plaintiff intended to raise the motion against

---

[2] Defendants Tim Donnellon, Tom Buckley, Matt Paulus, Tom Bliss, Greg McConnell, Karl Tomion, Howard Heidemann, Duke Dunn, Jeffery Bohm, David Rushing, Bill Gratopp, Daniel Kelly, Kyle Adams, Richard Olejnik, St. Clair County, and St. Clair County Sheriff's Department.

[3] Defendants Lake Huron Medical Center, Colleen Spencer, Tiffany Francis, Pat Roberts, and Tarrah (Jane Doe).

LHMC defendants as well, LHMC defendants adopted the arguments raised by St. Clair County defendants, except they did not indicate they produced any documents to Plaintiff.  (ECF No. 88, PageID.470-71).

In her reply brief, Plaintiff clarifies she requested a list of employees at the St. Clair County Jail, including those who worked in custody and transportation at the jail, and medical and mental health staff who worked for the jail and for Lake Huron Medical Center.  She states she has documents from defendants containing initials of employees, but she requires the first and last names to formulate a witness list.  (ECF No. 90, PageID.477-78).  The Court notes, however, the witness lists provided to the Court and to Plaintiff contain full names where known, not initials as asserted by plaintiff in her motion.  (*See* ECF Nos. 54, 84).

The Federal Rules of Civil Procedure were written to facilitate the discovery of relevant evidence proportional to the needs of each case.  Rule 26 authorizes relatively expansive discovery, subject to the considerations set forth in Rule 26(b)(1).  The Rule provides that a party may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  *Id.*  The trial court has broad discretion over discovery matters.  *Trepel v. Roadway Express, Inc*., 194 F.3d 708 (6th Cir. 1999).  In assessing proportionality as it relates to disputed discovery requests, the court should look to:

> the importance of the issues at stake in the action, the
> amount in controversy, the parties' relative access to
> relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit.

*State Farm Mut. Auto Ins. Co. v. Pointe Physical Therapy*, *LLC*, 255 F. Supp. 3d

700, 704) (quoting *Rockwell Med., Inc. v. Richmond Bros., Inc.*, 2017 WL

1361129, at *1 (E.D. Mich. Apr. 14, 2017) (quoting Fed. R. Civ. P. 26(b)(1)).

Preliminarily, defendants are correct that this case is exempt from initial

disclosures because Plaintiff is in the custody of the State and is representing

herself in this matter. *See* Fed. R. Civ. P. 26(a)(1)(B). In addition, the Local Rules

of the Court require a copy or word-for-word recitation of each discovery request

and response attached to the discovery motion. E.D. Mich. L.R. 37.2. Plaintiff did

not provide a copy of her requests or responses.

Because neither the requests nor responses are before the Court, it is not

possible to ascertain whether Plaintiff has all the information she requested, or

whether there are still names of relevant employees yet to be produced. At this

juncture, the motion to compel is **DENIED**. If the documents and information

already produced to Plaintiff do not contain the names of all the potential witnesses

she requires, Plaintiff must send a proper request for production of documents to

the defendants pursuant to Federal Rule of Civil Procedure 34. The request must

not be as broad as "every employee who worked at the jail;" such a request will

capture irrelevant information.  Moreover, since Plaintiff does not know their names, it would seem impossible to identify the relevant witnesses from a list of every employee at the jail.  Plaintiff must narrow her request to specific employees by describing where each employee may have worked in the jail and when she encountered the employee or when the employee likely witnessed conduct relevant to the claims in the complaint to help the defendants identify and name that employee.  Should Plaintiff deem responses to a proper request for production of documents insufficient, she may file a new motion to compel and <u>provide a copy of her request</u> and describe the responses in detail or provide a copy of the responses for the Court's review.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date:  July 27, 2021                    s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 27, 2021, by electronic means and/or ordinary mail.

                                        s/Kristen MacKay
                                        Case Manager
                                        (810) 341-7850