UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES REILLY

      Plaintiff,

v.

      Case No. 19-11249
      Honorable Linda V. Parker

TIM DONNELLON, et al.,

      Defendants.
_____/

**OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS (ECF NO. 92) TO MAGISTRATE JUDGE'S JULY 27, 2021 ORDER (ECF NO. 91) DENYING PLAINTIFF'S MOTION TO COMPEL (ECF NO. 85)**

Plaintiff initiated this pro se civil rights lawsuit on April 30, 2019, asserting claims arising while she was an inmate at the St. Clair County Detention Center. The matter has been referred to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 55.) It is presently before the undersigned on Magistrate Judge Ivy's July 27, 2021 denial of Plaintiff's motion to compel. (ECF No. 91.) Plaintiff filed objections to Magistrate Judge Ivy's decision on August 10 (ECF No. 92), and Defendants responded to Plaintiff's objections on September 2 (ECF No. 93).

1

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

In her objections, Plaintiff fails to articulate a reason why Magistrate Judge Ivy's decision is clearly erroneous or contrary to law.  This matter is exempt from initial disclosures as Plaintiff is in State custody and is pro se.  *See* Fed. R. Civ. P. 26(a)(1)(B).  Plaintiff did not attach her "informal" discovery requests to her motion, as required under the District's local rules, *see* E.D. Mich. LR 37.2, thereby precluding Magistrate Judge Ivy from determining whether Defendants have adequately responded to her requests.  Plaintiff has received witness lists with the full names of jail employees.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to Magistrate Judge Ivy's July 27 decision are **REJECTED** and the decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 2, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 2, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager