UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES REILLY,<br>     Plaintiff,<br>v.<br><br>TIM DONNELLON, *et al.*,<br>     Defendants.<br>_____/ | Case No.: 19-11249<br><br>Linda V. Parker<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING PLAINTIFF'S MOTION TO STAY (ECF No. 103)**
**AND GRANTING PLAINTIFF'S SECOND**
**MOTION TO EXTEND (ECF No. 104)**

  The defendants have filed a motion for judgment on the pleadings and for summary judgment (ECF No. 94) and a motion for summary judgment (ECF No. 95). Plaintiff was ordered to respond to both motions by October 28, 2021. (ECF No. 96). Plaintiff timely moved to extend that deadline to January 10, 2022. This motion was granted in part giving Plaintiff until December 20, 2021 to file response briefs. (ECF No. 100).

  On December 15, 2021, Plaintiff mailed a second motion to extend the response deadline, again to January 10, 2022, and to stay this case for 60-90 days or until she is released from segregation. She contends her placement in segregation affects her ability to respond to pleadings and orders and prevents her

from obtaining discovery and conducting depositions. (ECF No. 103, PageID.1076-77).

The Court finds a stay is unnecessary, especially because the same ends can be met by granting Plaintiff's motion to extend the response deadline. The motion to stay (ECF No. 103) is **DENIED**.

In support of the motion to extend, Plaintiff states she has hundreds of pages of documents to review but her disability prevents her from sitting for longs periods of time, she does not have endless access to legal materials and research due to prison lockdowns, and because of her placement in segregation. (ECF No. 104).

Federal Rule of Civil Procedure 6(b)(1)(A) permits the court to extend the time to act if good cause is shown where, as here, the request is made before the time to act has expired. Plaintiff's motion is **GRANTED**. Plaintiff has established good cause for an extension. As January 10th is fast approaching and it is possible Plaintiff is still in segregation, Plaintiff will have until **February 23, 2022** to file response briefs. The defendants will have 14 days from the date of service of the response in which to file a reply brief.

While the Court is sympathetic to the difficulties an incarcerated plaintiff faces in litigation, <u>the Court is not inclined to grant any further extension of the response deadline absent **extraordinary** circumstances</u>.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date:  January 6, 2022                                  s/Curtis Ivy, Jr.
                                                        Curtis Ivy, Jr.
                                                        United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 6, 2022, by electronic means and/or ordinary mail.

                                                        s/Kristen MacKay
                                                        Case Manager
                                                        (810) 341-7850