UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES REILLY,<br>      Plaintiff,<br>v.<br><br>TIM DONNELLON, *et al.*,<br>      Defendants.<br>_____/ | Case No.: 19-11249<br><br>Linda V. Parker<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING PLAINTIFF'S SECOND
REQUEST TO EXTEND RESPONSE DEADLINE (ECF No. 118)**

Defendants Tarrah LNU and Colleen Spencer moved for summary judgment on May 31, 2022.  (ECF No. 110).  Plaintiff was ordered to respond to the motion by July 18, 2021.  (ECF No. 112).  Plaintiff moved to extend that deadline.  That motion was granted giving Plaintiff until September 7, 2022 to file a response brief.  (ECF No. 115).  In that Order, the Court warned Plaintiff that "**No further extensions will be granted absent extraordinary circumstances**.  Plaintiff must make every effort to timely file the response."  (*Id.* at PageID.1242) (emphasis in original).

On September 14, 2022, one week after the extended deadline, Plaintiff filed a request for enlargement of time to file the response.

Federal Rule of Civil Procedure 6(b)(1)(B)'s excusable neglect standard controls.  Federal Rule of Civil Procedure 6(b)(1)(B) permits the court to extend

the time to act, after the time to act has expired, where there is good cause and the party failed to act because of excusable neglect. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect,' it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). To determine whether the failure to file a response within the allotted time constitutes excusable neglect, the Court weighs these factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the late-filing party, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer*, 507 U.S. at 395). The court should "tak[e] account of all relevant circumstances surrounding the party's omission."

 Plaintiff did not cite or address this standard. In support of the motion, Plaintiff states that there was a prison lock down in response to a riot, some of her legal documents were destroyed by the Emergency Response Team in a shakedown, and there is a lockdown for a COVID-19 outbreak at the facility that impeded her ability to work on the response. (ECF No. 118, PageID.1249). She

added that when library time is scheduled, it gets canceled because of staffing shortages or for another reason. (*Id.* at PageID.1250).

Plaintiff has been granted several extensions on different matters throughout this litigation on similar complaints of prison lockdowns and housing status that effects access to the law library. The Court is sympathetic to the difficulties of litigating while incarcerated, but the Court is also mindful that the defendants have a right to have their dispositive motion resolved in a timely manner. To balance the interests of both parties, the Court will **GRANT** Plaintiff's motion, giving an additional 60 days to file a response brief. The response brief is due **November 15, 2022**. Plaintiff is warned that **no further extension will be granted absent extraordinary circumstances** <u>**which does not include any of the reasons included in the current or previous motions**</u>.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling

remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: September 15, 2022

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 15, 2022, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850