UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES REILLY,<br>    Plaintiff,<br>v.<br>TIM DONNELLON, *et al.*,<br>    Defendants.<br>_____/ | Case No.: 19-11249<br><br>Linda V. Parker<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### REPORT AND RECOMMENDATION:
### DEFENDANT SPENCER AND TARRAH LNU'S MOTION FOR SUMMARY JUDGMENT (ECF No. 110)

Remaining Defendants Colleen Spencer and Tarrah LNU moved for summary judgment after the Court denied their first dispositive motion without prejudice. (ECF Nos. 109, 110, 113). Spencer was a registered nurse and Tarrah LNU was a licensed nurse practitioner at the St. Clair County Jail while Plaintiff was housed there as a pretrial detainee. Plaintiff alleges that these defendants were deliberately indifferent to her serious medical needs.[1] The facts relevant to her claims will be elaborated on in the analysis of this report and recommendation.

This case was referred to the undersigned for all pretrial matters. (ECF No. 55). The motion is fully briefed (ECF Nos. 120, 121) and ready for report and

---

[1] Plaintiff alleges that she is transgender and uses female pronouns.

recommendation. For the reasons below, the undersigned recommends that the motion for summary judgment be **GRANTED**.

I.  DISCUSSION

    A.  Standard of Review

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

    B.    <u>Analysis</u>

According to the amended complaint, Plaintiff alleges that Spencer and Tarrah LNU were deliberately indifferent to serious medical needs by (1) denying her estrogen for hormone replacement therapy, (2) providing a bra that was too large, (3) providing panty hose or compression stockings that were too large, (4) denying stronger pain medication, (5) denying feminine pads, and (6) denying certain inhalers.

Plaintiff was a pretrial detainee during the time of the events alleged. In this context, the Fourteenth Amendment, not the Eighth Amendment, applies. The Eighth and Fourteenth Amendment deliberate indifference standards are largely the same except the subjective component is modified in cases brought by pretrial detainees, as explained in the Sixth Circuit's recent decision, *Brawner v. Scott Cnty., Tennesee*, 14 F.4th 585 (6th Cir. 2021).

To establish a deliberate indifference claim, the plaintiff must allege that she was deprived of the minimal necessities of civilized life and that prison officials were deliberately indifferent to her needs. *Powell v. Washington*, 720 F. App'x 222, 227-28 (6th Cir. 2017) (citation omitted). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The Eighth Amendment framework for deliberate indifference claims includes an objective and subjective prong. *Id.* at 834. The objective prong requires a showing that the deprivation alleged is "sufficiently serious," such that she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective prong requires the inmate to show that a prison official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837. The subjective component is modified in the pretrial context. According to *Brawner*, a pretrial detainee need only show that a defendant "acted . . . recklessly in the face of an unjustifiably high

risk of harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596. (citation and internal quotation marks omitted).

        1.      Hormone Therapy

Plaintiff claims she was denied estrogen when she arrived at the jail. Defendants cite a St. Clair County Jail medical record dated September 29, 2018, and Plaintiff's deposition testimony. The medical record describes the medications Plaintiff brought with her to the jail. Plaintiff was taking estradiol, a hormone replacement medication. Plaintiff listed three pharmacies at which she had medications filled. The hormone medication did not have a current prescription at either pharmacy. The current medications were ordered. (ECF No. 110-4, PageID.1227). Plaintiff confirmed during her deposition that she did not have a then-current prescription for estrogen when she arrived at the jail. (ECF No. 110-3, PageID.1185-86, at pp. 31-33). The estrogen medication she had with her upon arrival was obtained from Canada. Plaintiff testified that former defendant Derik Evenson was the person with authority to order medication. (*Id.* at PageID.1219-20, at pp. 168-69).

Defendants argue that this claim fails because they did not have the authority under M.C.L. § 333.17708 to prescribe estrogen for Plaintiff. (ECF No. 110, PageID.1159). They contend that since they lacked authority to prescribe the

5

estrogen, they cannot be held liable for deliberate indifference. (*Id.* at PageID.1160).

Defendants are correct that under Michigan law, a registered nurse who is not certified in a specialty such as a nurse anesthetist, like Spencer, and a licensed practical nurse, like Tarrah LNU, have no authority to prescribe medication. *See* M.C.L. § 333.17708

Plaintiff did not address the impact of Defendants' lack of authority to prescribe medication. Instead, she argued that termination of hormone therapy amounts to cruel and unusual punishment. (ECF No. 120, PageID.1263). She asserted that Defendants willfully caused her pain and suffering despite knowing there was a substantial risk of harm. (*Id.* at PageID.1265-66). Attached to the response brief is a letter from Plaintiff's doctor's office dated February 23, 2003, well before the events in this case, stating that Plaintiff was taking estrogen for hormone therapy. (*Id.* at PageID.1297).

While neither Defendant prescribed estrogen for Plaintiff despite her requests, they lacked authority to do so. There is no evidence in the record suggesting that Defendants deliberately ignored a risk of harm to Plaintiff's health with regard to the estrogen medication. *See, e.g.*, *Braddock v. Crompton*, 2015 WL 6040307, at *3 (W.D. Mich. Oct. 15, 2015) (nurse lacked subjective component of deliberate indifference claim where she had no authority to reinstate

requested drug); *Villa v. Rowe,* 2009 WL 4823019, at *6 (N.D. Cal. Dec.10, 2009) (nurses were not deliberately indifferent where "they did not have the power to prescribe new medication for plaintiff or to go against the doctors' orders prescribing such medication"). No evidence suggests that either Defendant acted recklessly in the face of a known risk of harm to Plaintiff or that there is a question of material fact on the subjective component. Thus, they should be granted judgment on this claim.

        2.      Remaining Claims

Plaintiff did not address Defendants' arguments about the remaining claims.[2] Defendants argue that her failure to do so resulted in waiver of those claims under *Alexander v Carter*, 733 F. App'x 256, 261 (6th Cir. 2018). (ECF No. 121, PageID.1302).

Though the Sixth Circuit has held that "a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment," *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013), in those cases the plaintiff was not proceeding without counsel like Plaintiff here. *See id.* (collecting cases). Moreover, as the Court has noted, "a

---

[2] In the response brief, Plaintiff asserted that it was impossible to take the Defendants' depositions because she is incarcerated. As the Court has stated in denying her motions for appointment of counsel, difficulties in conducting litigation from prison are common in prisoner civil rights litigation. But Plaintiff had all the discovery tools available to her. Her incarceration did not render taking a deposition impossible.

7

district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Evans v. Plummer*, 687 F. App'x 434, 446 (6th Cir. 2017) (quoting *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)). The moving party "always bears the burden of demonstrating the absence of a genuine issue as to a material fact," and the district court is required "to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Id.* (citation omitted).

In any event, Plaintiff's failure to address the remaining claims is fatal because she did not bring forth evidence to create a question of material fact. Defendants maintain that Plaintiff's claims are essentially a disagreement with medical judgments or a dispute over the adequacy of treatment, neither of which satisfies the subjective component of the Eighth Amendment claims. (ECF No. 110, PageID.1161-69).

The facts below are relevant to the remaining claims.

The claim about inadequate pain medication is directed at Spencer. Plaintiff alleged Spencer told her the Motrin 800 prescription was not long-term, and that Plaintiff would have to purchase additional pain medication. Plaintiff told Spencer the commissary was out of Motrin; Spencer advised her to send a kite about the issue. (ECF No. 19, PageID.88, Amended Complaint). Plaintiff testified that the

Motrin 800 she was allowed "did not cut it" to relieve her pain.  (ECF No. 110-3, PageID.1194, p. 66).  She requested stronger pain medication.

Plaintiff testified that she began asking for compression socks six months into her pretrial detention to help with swelling in her legs.  (ECF No. 110-3, PageID.1192, at p. 59).  She said jail medical personnel denied the socks but then agreed to get socks after she wrote a grievance.  They did not measure her for a proper-fitting socks; the socks were too large and too short.  She insisted those socks were inadequate to alleviate the swelling.  (*Id.* at PageID.1191-93).  In the amended complaint, Plaintiff named Defendant Spencer in relation to the compression sock issue.  She alleged Spencer would not allow Plaintiff to have the socks her family sent to the jail.  Her deposition testimony did not implicate Spencer specifically, but the undersigned will address the claim as if raised against her.

The claim about the request for a bra is similar.  Plaintiff testified that she asked Spencer for a bra sized 46B or 46C.  Spencer delegated the task to a non-party who obtained a bra size 48, which was too large.  (ECF No. 110-3, PageID.1194, at p. 66-67).  Plaintiff requested a smaller one.  She stated, "[n]obody took the initiative to get the smaller size."  At some point, a sergeant gave Plaintiff a size 44 bra.  (*Id.*).  She also testified she was not suing a specific person over this issue.  She raised the issue to show the "inability of medical staff

9

to perform their duty." (*Id.* at pp. 65-66). Since she named Spencer as the person who took the bra request, the undersigned addresses the claim as raised against Spencer.

In the amended complaint, Plaintiff alleged she was denied sanitary pads and underwear in which to fit the pads when she first arrived at the jail. She testified they were required for unspecified "leakage," but without them she had to use rags to capture the leakage until defendant Evenson provided pullup briefs. (ECF No. 110-3, PageID.1197, at p. 77). Irritation from using the rags caused her to bleed. (*Id.* at p. 78). During the intake process, Plaintiff testified that Defendant Tarrah told her she would not be getting pads, she would get boxers instead. She said Tarrah laughed at her. (*Id.* at PageID.1215, at p. 149). Before getting the underwear and pads, however, Defendant Evenson gave Plaintiff pullup briefs to wear. Plaintiff conceded that getting pullup briefs instead of underwear and pads is not part of her claim, even though the briefs were unsatisfactory to her. (*Id.* at PageID.1220, at p. 171). "[M]onths after" the start of the detention, an unnamed nurse examined Plaintiff for her complaints of irritation from using rags, and soon after Plaintiff was given underwear and pads. (*Id.* at PageID.1197, p. 80).

Plaintiff testified that she had breathing problems and inhalers for daily use outside the jail. On the second day at the jail, after complaining of a breathing problem, Plaintiff was given a Ventolin inhaler. (ECF No. 110-3, PageID.1200, at

10

p. 89). When she was out of the Ventolin inhaler, jail staff provided Albuterol. (*Id.*). The problem, from Plaintiff's perspective, was that Ventolin and Albuterol are "rescue inhalers." She had used Advair 250 regularly to avoid having a breathing "episode," but was not provided a regular or daily inhaler to use at the jail. (*Id.* at p. 90). Her claim, liberally construed, is that she should have been given a regular inhaler to avoid needing a rescue inhaler. She implicates Tarrah and non-parties in this claim in the amended complaint.

In the view of the undersigned, Defendants' characterization of Plaintiff's claims as disagreement over the course of treatment or adequacy of treatment is fair. As for these claims, Plaintiff was treated. She was given pain medication, compression socks, a bra, etc. Plaintiff alleges the care was insufficient. What is missing from the record is any indication that Spencer or Tarrah were aware of a risk of serious harm by giving Plaintiff the items Plaintiff says were inadequate, and deliberately ignored that risk. For instance, Plaintiff testified that the ill-fitting compression socks were inadequate to relieve swelling in her legs. But she did not come forward with evidence establishing the consequences of ill-fitting socks (she said she had swelling in her legs, but did not establish whether the swelling amounted to a serious medical need or that the swelling posed a risk of substantial harm), or that Spencer or Tarrah LNU were aware she was experiencing those consequences or risks, or that the Defendants ignored those consequences. As

11

another example, Plaintiff complained of not having a daily inhaler, but did not establish a risk of serious harm by not having a daily inhaler. Instead, the evidence shows that when Plaintiff had breathing problems, she was sufficiently treated.

As the Sixth Circuit stated in *Mitchell v. Hininger*, 553 F. App'x 602 (6th Cir. 2014), "a desire for additional or different treatment does not suffice by itself to support an Eight Amendment claim." *Id.* at 605. A claim that the medical staff failed to provide more or better treatment, rather than showing indifference to plaintiff's medical condition, amounts to a plea to "'second guess medical judgments' as opposed to enforce the cruel and unusual punishments ban in the Eighth Amendment." *Id.* (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)); *see also Rhinehart v. Scutt*, 509 F. App'x 510, 513 (6th Cir. 2013) (neither negligence alone, nor a disagreement over the wisdom or correctness of a medical judgment is sufficient to allege a deliberate indifference claim). As to the pain medication claim, the Sixth Circuit has stated that an inmate's request for stronger or different pain medication does not state a constitutional claim. *See Moses v. Coble,* 23 F. App'x 391, 392 (6th Cir. 2001) (where a prisoner alleged that he suffered pain from his serious back problems because of defendants' refusal to provide anything beyond over-the-counter pain medication, the court affirmed the dismissal of the complaint as "clearly frivolous."); *Mabry v. Antonini*, 289 F. App'x 895, 902 (6th Cir. 2008) ("Mabry's claim against Dr. Antonini is merely a

complaint that he did not order specific tests, or provide specific medications, treatment, or dosages. Such an assertion does not state a constitutional claim of deliberate indifference as to serious medical needs."); *Garren v. Prisoner Health Servs.*, 2012 WL 204481, at *4 (E.D. Mich. Jan. 4, 2012) ("Plaintiff's desire for different or stronger medications does not show that Defendants' medical care constitutes a 'reckless disregard for a substantial risk of human harm.'") (citation omitted) (collecting cases).

Plaintiff's claims fail on the subjective component of deliberate indifference because there is no evidence, or no question of material fact, suggesting that Spencer or Tarrah LNU deliberately or recklessly disregarded a serious risk of harm to Plaintiff.

## II. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Spencer and Tarrah LNU's motion for summary judgment (ECF No. 110) be **GRANTED** and that the case be dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 12, 2023
s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 12, 2023, by electronic means and/or ordinary mail.

                                                s/Kristen MacKay
                                                Case Manager
                                                (810) 341-7850